COBB, W., Senior Judge.
The issue posed by this appeal is whether the trial court properly granted the motion of the defendant, James Blackburn, to suppress his confession, which was elicited during a custodial interrogation.
The basic facts are uncomplicated, and the trial court specifically found that there were no credibility issues arising from the suppression hearing. The facts adduced at that hearing show that two officers from the Altamonte Springs Police Department, Detectives Humphreys and Tegge, traveled to Buncombe County, North Carolina, to interview Blackburn, who was in custody there on unrelated charges, in respect to his suspected involvement in auto theft, sexual battery and homicide in Florida.
The custodial interview began with the officers reading Blackburn his Miranda[1] rights, at which point he asked for an attorney. The interview ended and Officer Tegge left the room in order to contact an attorney. When Tegge returned to the room shortly thereafter, Blackburn asked the officers what kind of questions they wanted to ask him. Humphreys responded that they could not talk to him about the case since he had requested counsel. Blackburn, however, continued the conversation and said that, since he could stop talking at any time, he now wanted to talk to the officers. At this point they again gave him his Miranda rights and Blackburn confessed to actions that led to subsequent charges of murder, sexual battery and grand theft of a motor vehicle in Seminole County, Florida.
*1093 At the conclusion of the suppression hearing the trial court found that the confession was “clearly voluntary” and that the testimony of the officers was credible. Nevertheless, the trial court suppressed the confession based upon the fact that the officers did not get a specific waiver of counsel — i.e., having initially asked for counsel, Blackburn thereafter never expressly said that he no longer wanted counsel.
In regard to this issue, we agree with the State’s argument that the waiver of a Miranda right may be shown by independent circumstances and by the actions of the accused as opposed to any express statement of waiver. See Lightbourne v. State, 438 So.2d 380 (Fla.1983). It is clear from the record that Blackburn proceeded voluntarily with his statement after the second reading of his Miranda rights and, indeed, the trial court so found.
We believe the issue in this case is controlled by the opinions of the United States Supreme Court in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). It is clear from those opinions that where a defendant requests counsel and then later reinitiates communication with his interrogators and, having again been read his Miranda rights and asserting his understanding of them, that defendant’s subsequent statements to his custodial interrogators are admissible against him. See also Francis v. State, 808 So.2d 110 (Fla.2001).
Accordingly, the order of suppression entered by the trial court is reversed.
REVERSED.
GRIFFIN and PLEUS, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).